UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY WILLIS, | ) | CASE NO.: 1:25-CV-1339 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| DET. CHRISTOPHER HOWARD, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Courtney Willis ("Plaintiff"), a prisoner incarcerated at Southern Ohio Correctional Facility ("SOCF"), filed this civil rights action under 42 U.S.C. § 1983 against Detective Christopher Howard, "Cleveland Division of Police," and "unknown officers" challenging his conviction. (Doc. 1.) Additionally, Plaintiff filed a Motion to Show Cause for a Preliminary Injunction and Temporary Restraining Order, in which he alleges a corrections officer at SOCF has been "harassing and threatening him." (Doc. 3.) Plaintiff also filed an application to proceed *in forma pauperis* (Doc. 2), which the Court grants by separate order.

I.     BACKGROUND

Plaintiff's brief complaint contains very few facts. (*See* Doc. 1.) Plaintiff claims his Fourth and Fourteenth Amendment rights were violated when officers with the Cleveland Division of Police ("CDP") conducted a warrantless arrest and "illegal search and seizure" in January 2017. (*Id.* at 4.)[1] Attached to the complaint is one page of the Cuyahoga County Court of Common Pleas docket in his criminal case and a copy of an arrest warrant issued by the

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Cleveland Municipal Court. (*See* Docs. 1-1, 1-2.) Plaintiff seeks monetary relief and "any other relief that may be deemed appropriate." (Doc. 1 at 5.)

Plaintiff also filed a Motion to Show Cause for a Preliminary Injunction and Temporary Restraining Order. (Doc. 3.) He claims an unnamed corrections officer "has been harassing and threatening" him. (*Id.*) He alleges the corrections officer "called me a racial slur and jumped at me." (*Id.*)

## II. LAW AND ANALYSIS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff is not required to include detailed factual allegations, but he or she must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (citations omitted).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendant fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)); *see also Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

Plaintiff's complaint fails for several reasons. To the extent Plaintiff is asking the Court to vacate his conviction, he cannot obtain that relief in a civil rights action. Where a person in state custody challenges the validity of a criminal conviction or sentence, and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)

And to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In the absence of such a showing, any complaint for damages must be dismissed.  *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87).  Here, nothing in the complaint suggests that Plaintiff's conviction or sentence has been called into question or invalidated in any of the ways articulated in *Heck*.  (*See* Doc. 1.) Plaintiff therefore has no cognizable federal civil rights damage claim.  *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) ("Because [Plaintiff's] confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

Finally, to the extent the Court can construe Plaintiff's Motion to Show Cause for a Preliminary Injunction and Temporary Restraining Order as part of the complaint, Plaintiff fails to state a plausible claim for relief.  (Doc. 3.)  In this motion, Plaintiff alleges an unidentified corrections officer verbally harassed and intimidated him, called him "a racial slur," and "jumped" at him.  (*Id.*)

Although Plaintiff cites no legal authority in support of his claim, the Court liberally construes Plaintiff's allegations as a cruel and unusual punishment claim under the Eighth Amendment.  The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. CONST. amend. VIII.  In *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d

271 (1991), the Supreme Court established a framework for considering whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Courts have repeatedly held that verbal abuse and harassment, including derogatory language and racial epithets, do not constitute the type of pain and punishment that supports an Eighth Amendment claim. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (verbal threats do not create a constitutional violation) (citation omitted); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (state prison guard's use of racial slurs and derogatory language does not rise to the level of an Eighth Amendment violation) (citations omitted); *see also Blevins v. Naeyaert*, No. 2:17-CV-185, 2018 U.S. Dist. LEXIS 64272, 2018 WL 1804573, at *2 (W.D. Mich. Apr. 17, 2018) (same) (collecting cases). Plaintiff therefore fails to state an Eighth Amendment claim for the corrections officer's purported verbal harassment and intimidation.

Finally, to the extent Plaintiff seeks Rule 65 injunctive relief, he must show, by clear and convincing evidence, (1) he has a strong likelihood of success on the merits, (2) he would suffer irreparable injury without an injunction, (3) the issuance of an injunction would not cause substantial harm to others, and (4) the public interest would be served by the injunction. *See*

*Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616, 622 (6th Cir. 2017); *Draudt v. Wooster City Sch. Dist. Bd. of Educ.*, 246 F. Supp. 2d 820, 832 (N.D. Ohio 2003) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)). These factors "are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Plaintiff's Motion to Show Cause for a Preliminary Injunction and Temporary Restraining Order does not address these factors. (*See* Doc. 3.) And for the reasons stated above, Plaintiff cannot show a likelihood of success on the merits of his Eighth Amendment claim. Plaintiff has not shown, by clear and convincing evidence, that he is entitled to injunctive relief.

### III. CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiff Courtney Willis' Motion to Show Cause for a Preliminary Injunction and Temporary Restraining Order (Doc. 3) and DISMISSES this action pursuant to 28 U.S.C. §1915(e). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 21, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE